## 𝕾𝖊𝖕𝖙𝖊𝖒𝖇𝖊𝖗, 1879.

---

## THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, v. SIDNEY P. NICHOLS.

*Certiorari — a Special Term at chambers in first district cannot entertain the proceedings on the return thereto — General Rule No. 44 — the usual notice of argument for a regular Special Term must be given, the time cannot be shortened by an order to show cause — Code of Civil Procedure, § 964 — not applicable to proceedings on certiorari.*

The defendant Nichols, claiming to have been unlawfully removed from office by the mayor of New York, applied at a Special Term, held in the third judicial district, for and obtained a *certiorari* to review the action of the said mayor, which writ was returnable at a Special Term to be held in the first district at chambers. A return was filed on September fifteenth.

On September sixteenth an order was made by a justice at chambers, in the first district, requiring the respondent in the *certiorari* to show cause at a Special Term, to be held at chambers in the first district on the twenty-second day of September, why the relator should not have judgment on the return. The respondent therein then applied to an extraordinary General Term of the first department, convened by the governor, for a writ of prohibition prohibiting the Special Term at chambers in said district or any justice presiding thereat from proceeding to any determination, trial or judgment in the said controversy.

*Held,* that a Special Term held at chambers in the first judicial district was not

---

* Term held pursuant to an appointment by Hon. Lucius Robinson, Governor.

a Special Term, such as is contemplated by General Rule No. 44, authorizing a case of *certiorari* to be brought to a hearing at Special Term.

That, in any event, the order to show cause was unauthorized, as the case under Rule 44 could only be brought to a hearing upon the usual notice of argument, and the justice had no power to shorten the time of such notice.

That the case was a proper one in which to grant a writ of prohibition and that the writ should be granted.

Section 964 of the Code of Civil Procedure providing that an issue of law arises only upon a demurrer has no application to proceedings by *certiorari*.

MOTION for a writ of prohibition made on the return of an order to show cause why such writ should not issue.

In June, 1879, the defendant, Sidney P. Nichols, claiming to have been wrongfully removed from the office of police commissioner of the city of New York, by the mayor thereof and by the governor of the State, applied, upon notice, at a Special Term held at Albany, in the third judicial district, for a writ of *certiorari* to both the governor and the mayor. On August 12, 1879, an order was entered refusing the writ as to the governor but granting it as to the mayor; the writ to be returnable "before the Special Term of this court, at the court house, in the city of New York, on the first Monday of September next." On the same day the writ was issued.

On August 30, 1879, an appeal was taken by the mayor, from the order allowing the writ, to the General Term of the third department. On September 3, 1879, an order was entered at chambers, in New York, denying a motion of the mayor for a stay of proceedings pending this appeal, upon condition that the relator's counsel should stipulate that the appeal might be heard at the October General Term in the first department (the General Term in the third department not being held until November), and allowing the mayor until September eighth to file the return, upon his stipulating to try the case on the third Monday of September, otherwise the return to be filed September fifth. On the latter day an order was granted staying all proceedings on the *certiorari* until the argument and decision of a motion which had been noticed to quash and supersede it. On September thirteenth, this order was vacated and the respondent was required to file his return on or before eleven o'clock on the fifteenth day of September, on which last named day the return was filed.

532 THE PEOPLE ex rel. THE MAYOR v. NICHOLS.

First Department, September Term, 1879.

On September 18, 1879, a chambers order was made by a justice of the Supreme Court directing that on September 22, 1879, before him, at a Special Term at chambers in New York, the mayor should show cause "why the relator," Mr. Nichols, "should not have judgment on the return of the respondent, vacating, reversing and declaring null the judgment of the respondent removing the relator from his position as commissioner of police of the city of New York, and why the relator should not have such further and other relief as might be proper in the premises."

On September 20, 1879, the mayor, at an extraordinary General Term of the court convened by the governer, applied for and obtained an order, requiring the Special Term, and also Mr. Justice WESTBROOK and Mr. Nichols, pursuant to chapter 70 of the Laws of 1873, to show cause why a writ of prohibition should not issue for the purpose of restraining any further action in the matter.

On the return of the order to show cause, the mayor moved for an absolute writ prohibiting the Special Term at chambers, and the justice presiding thereat, from proceeding to any hearing, determination, trial or judgment touching the matters in controversy between the relator, Nichols, and the mayor, Mr. Cooper, or any matter appearing in the writ or in the papers on which the same was granted, or appearing in or arising upon the return, and prohibiting Mr. Nichols from applying or moving for any hearing, trial, determination, or judgment touching those matters, upon the writ and return, or either of them.

*F. N. Bangs*, for the relator.

*W. A. Butler* and *John D. Townsend*, for the respondent.

BRADY, J. :

Having been assigned by my associates of the General Term to the performance of that duty, I have in the following opinion expressed as concisely as possible the result of our examination of and consultation upon the questions which we deem involved in this matter.

The relator applies for a writ prohibiting the Special Term at

chambers held in this district, and any justice presiding thereat, from proceeding to any determination, trial or judgment in the controversy between Sidney P. Nichols and the relator, arising upon a *certiorari* issued upon the application of Mr. Nichols, and made returnable at that Special Term, and though the arguments of counsel covered an extensive field, the only questions to be considered are those which appertain to the propriety of granting the writ applied for.

It appears from the papers submitted that Mr. Nichols feeling himself aggrieved by the official action of the relator, applied for and obtained a common law writ of *certiorari*, the object of which was to secure a review of such official action, and a judicial determination of its propriety and justice.

The *certiorari* was made returnable at a Special Term to be held on the first Monday of September, at chambers, in this district, and certain proceedings were thereupon had in relation thereto including, among others, the filing of a return by the relator (the mayor), which was done on the fifteenth of September, instant.

As already intimated it is not the intention of this court at this time to express any views in regard to that *certiorari* or the proceedings thereunder, except so far as may be necessary for the determination of the application for the writ of prohibition.

The common law writ of *certiorari*, for which application must be made to the court and not to a judge at chambers (1 Crary Special Proceedings, 159), is not a writ of right, but rests in the sound discretion of the court to which application for it may be made, and when granted, it seems, must regularly be made returnable at the General Term and at the General Term of the district in which the proceedings sought to be reviewed are had. (5 Waite's Pr., 472 and authorities cited.) When the return is filed, and the proceedings are in a condition to be heard, a hearing, by an existing rule of this court (Rule 44) may be secured by either party at the Special Term, except in cases in which they are by law required to be heard at the General Term, and in cases of *certiorari* to Courts of Sessions and Oyer and Terminer in criminal cases, and the proceedings may be placed on the preferred calendar of the Special Term upon filing a proper note of issue. Originally the hearing was at the General Term, and this con-

534 THE PEOPLE ex rel. THE MAYOR v. NICHOLS.

First Department, September Term, 1879.

tinued to be the rule until the adoption of new rules by the judges in convention at the capitol, in the city of Albany, on the 24th of November, 1874, and which were to commence and take effect on the 1st of February, 1875. Rule 53 then adopted is precisely the same as the present rule number 44 to which reference has been made and which was re-adopted in 1877. The rule of the Supreme Court on the subject existing in 1847 provided only for the hearing at Special Term of cases of *certiorari* to remove interlocutory proceedings of subordinate courts, and which was to be brought on upon the usual notice of argument ; or, if placed upon the calendar of the General Term, was entitled to a preference on the morning of any day during the first week of the term.

This rule was again adopted in convention in 1849. It was continued in 1854. It was changed, however, in the convention of the judges in Albany in August, 1858, and the old rule established. Rule 47 of the then declared rules is as follows :

" Every case of *certiorari* to subordinate courts, tribunals or magistrates may be brought to a hearing by either party upon the usual notice of argument, and shall be entitled to preference on the morning of any day during the first week of the term."

The parties were, therefore, deprived by this rule of the right to a hearing at Special Term, whether the case related to interlocutory proceedings or not, as we learn from its positive terms. This rule was reiterated in a convention of the judges held at the capitol at Albany, in December, 1870 ; but provision was made by it that the cause should be placed on the preferred calendar on filing a proper note of issue. The judges, however, in 1874, as already suggested, changed the rule and adopted the practice established by rule 53, to which reference has already been made ; and it allowed either party a hearing upon the usual notice at Special Term, except in the cases already mentioned.

It is quite clear, from this history of the rule applicable to cases arising from *certiorari*, that until the adoption of rule 53, already mentioned, there was no provision made for any hearing at Special Term, except where the *certiorari* related to the removal of interlocutory proceedings of subordinate courts, tribunals or magistrates, a right of which subsequent rules deprived them.

It must be borne in mind, in regard to the rules established by the conventions of the judges, that they have the force and effect of statutes and cannot be properly departed from.  Section 17 of the Code of Civil Procedure, requiring the judges to meet, declares that the convention must establish rules of practice which shall be binding upon all courts of record, except the courts for the trial of impeachments and the Court of Appeals.

The respondent in a proceeding by *certiorari* is, therefore, under the statutes, entitled to the usual notice of argument — not notice of the argument of a motion — but the usual notice of argument (founded upon a note of issue to be filed), that the cause will be brought to a hearing which is to be had upon the return, and is designed to be a deliberate consideration of all the questions properly presented by it.  The Code confers no authority to shorten this time.  The provisions of section 780, relating to a notice of motion in an action where the court or a judge thereof, upon an affidavit showing ground therefor, may make an order to show cause returnable in less than eight days, have no application whatever to proceedings upon *certiorari.*

Assuming, therefore, that all the proceedings before the Special Term were regular down to the time when the order to show cause why Mr. Nichols should not have judgment upon the return was granted, it is quite clear that the respondent in that proceeding (the relator here) was entitled to the usual notice of any hearing that should be had at a Special Term in the *certiorari* proceedings.  It was a right secured by the rule of this court, adopted in convention under a statute authorizing it, and possessing, therefore, all the force and vigor of a statute on the subject.  It was a right of which, without legislation or a change in the rule by a convention of the judges, he could not be deprived.

The order to show cause, therefore, issued on the sixteenth September, instant, the day after the return was filed, having been made returnable in less than the usual time for notice of argument was unauthorized, and the exercise of any power under it should be prohibited.

This view is based upon the assumption that the Special Term at chambers, held on the first Monday of September and still con-

tinuing, is a Special Term such as is contemplated by rule 44. But it is not.

In this district, under the statutes authorizing the appointment of terms to be held, there is a distinction between Special Terms at chambers and Special Terms proper. In the former the jurisdiction to be exercised relates to non-enumerated motions and chamber business, and not to the trial of issues of law or of fact, nor to the exercise of any appellate jurisdiction. This distinction is rendered necessary by the enormous amount of chamber and non-enumerated business which the court is called upon to transact, as well as the large number of issues which are presented for consideration at Special Terms. In effect there is no difference in the application of this rule to this city and to other districts, because in the other districts the Special Term and chambers are held together, and all the business pertaining to either is there transacted. The hearing to be had upon a return to a *certiorari* is an enumerated motion, a result evidenced by the original practice of requiring the writ to be returned to the General Term, and the proceedings in reference to it to be had before that tribunal, and by the continuing practice, as already suggested of requiring the writ to be returnable there, although the hearing may, in the manner directed, be had at Special Term.

The result of an examination of this branch of the motion is, therefore, that the Special Term at chambers for non-enumerated motions has no authority to entertain the hearing provided for in proceedings upon a common law *certiorari* without consent, and consequently none to compel it by an order to show cause.

It, therefore, appears that even if the usual notice of argument had been given, the Special Term at chambers was not the proper tribunal in which a hearing could have been lawfully had.

It was urged on the argument that the *certiorari* and return to it presented no issue of law, because an issue of law under section 964 of the Code arises only upon a demurrer. But the learned counsel seems to have overlooked the declaration contained in section 963, that the issues treated of by the chapter of which section 964 is a part, are only those which are presented by the pleadings in civil actions, and that the proceedings by *certiorari* are special and are not marked or distinguished by any pleadings,

*eo nomine.*    Therefore, section 964 does not apply to the subject-matter, and can have no controlling influence in the consideration of the questions treated of in this opinion.

It is questionable whether the practice established by the rule allowing a hearing upon a common law *certiorari* at Special Term is a wise one, because the effect of it is to constitute a single judge a *quasi* appellate tribunal to consider a final determination it may be of a number of persons authorized to act officially and conjointly, in the exercise of power affecting the rights or property of the citizen or the public welfare.    And this view seems to have impressed itself upon the special committee of the senate on the revision of the statutes who, in their report to the senate (section 2138) provide that cases arising upon *certiorari* must be heard at the General Term of the court held within the judicial department embracing the county where the writ was returnable.

Having arrived at these conclusions the question remaining is whether an attempt was made to exercise jurisdiction in conflict with the doctrines hereby enunciated ; and the answer is that there was such an attempt made.    The order to show cause granted on the 16th day of September, 1879, in the *certiorari* proceedings requiring the respondent to show cause at a Special Term, to be held in the court house, in the city of New York, on the twenty-second of September, or as soon thereafter as counsel could be heard why the relator should not have judgment on the return vacating and declaring null the judgment of the respondent removing Mr. Nichols, the relator, from his position as commissioner of police of the city of New York, and why he should not have such further relief as might be proper in the premises, was in contravention of the views herein expressed.

The Special Term named not being a tribunal having the power to take cognizance of such a proceeding with a view to a final judgment, and the order to show cause being unauthorized, because it was for a less time than the usual notice of argument prescribed by the rule and, therefore, by the statute, the order mentioned was unauthorized, and being unauthorized should be prohibited, and by prohibition rendered null and void.

The order to show cause, however, is not the only evidence of the assumption of power to accomplish its object, because the learned

justice who signed it had already stated in an opinion given by him as follows : " The writ was properly made returnable at the chambers, Special Term.    The term now being held there is a Special Term of the Supreme Court having all the powers and functions belong-ing thereto, of which it cannot be deprived by. a rule which simply partitions business among terms and parts of the same court. Making the writ returnable when it was is also, it seems to me, fully warranted by the rules."

It is only necessary to say further, that the right and duty of this court to interfere in such cases by writ of prohibition is estab-lished by the case of *Quimbo Appo* v. *The People* (20 N. Y., 531), in which the court say : " It is true that the most frequent occa-sions for the use of the writ are where a subordinate tribunal assumes to entertain some case or proceeding over which it has no control. But the necessity for the writ is the same where in a matter of which such tribunal has jurisdiction it goes beyond its legitimate powers ; and the authorities show that the writ is equally applicable to such a case.  · Mr. Jacob, " it is further said," in treating of this writ after saying that it may issue to inferior courts of every description whether ecclesiastical, temporal, military or maritime, whenever they attempt to take cognizance of causes over which they have no jurisdiction, adds, " or if in handling of matters clearly within their cognizance they transgress the bounds prescribed to them by the laws of England, as where they require two witnesses to prove the payment of a legacy."

And the court say further, " these cases prove that the writ lies to prevent the exercise of any unauthorized power in a cause or proceeding of which the subordinate tribunal has jurisdiction, no less than when the entire cause is without its jurisdiction."

,And further, " that the writ was never governed by any narrow technical rules, but was resorted to as a convenient mode of exercis-ing a wholesome control over inferior tribunals."    And the court further said properly, " the scope of this remedy ought not I think to be abridged, as it is far better to prevent the exercise of an unauthorized power than to be driven to the necessity of correcting the error after it is committed."

The relator Mr. Nichols is not prejudiced.    He may go on with his proceeding initiated by the *certiorari* according to the prevail-

ing law and practice.    This court, by its judgment on this applica-tion, does not in any way interfere with him in the enjoyment of that right.    It interferes only to prevent the exercise of a power which is unauthorized and in violation of law.    The administration of justice in a due and orderly manner, and which means according to the rules established by statutes or otherwise, is essential to the protection and preservation of personal rights and the rights of property and the public welfare, and these rules cannot be departed from, although in some special cases there may be a seeming hardship arising from their due application.

The motion for the writ is granted.

